UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZHAR LAL,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | No. 2:20-cv-0349 JAM DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that his rights were violated in connection with extradition proceedings initiated by the United States. Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 2), motion for disqualification and injunction (ECF No. 6), and his complaint for screening (ECF No. 1).

**IN FORMA PAUPERIS**

Plaintiff has filed a notice requesting to proceed in forma pauperis. (ECF No. 2.) Plaintiff has not, however, filed an in forma pauperis affidavit or paid the required filing fee of $350.00 plus the $50.00 administrative fee.[1] See 28 U.S.C. §§ 1914(a), 1915(a).

---

[1] If leave to file in forma pauperis is granted, plaintiff will still be required to pay the filing fee but will be allowed to pay it in installments. Litigants proceeding in forma pauperis are not required to pay the $50.00 administrative fee.

1

1   Plaintiff's states that he is proceeding in forma pauperis in a separate action in the United

2   States District Court for the Central District of California.  He requests that the court take judicial

3   notice of that case and allow him to proceed in forma pauperis in this action.

4   Plaintiffs is advised that litigants are required to pay the filing fee or move to proceed in

5   forma pauperis in each action filed.  See 28 U.S.C. § 1915.  When an inmate wishes to proceed

6   with a civil action without full payment of the filing fee, he must submit an affidavit stating the

7   nature of the action and a certified copy of the trust account statement for the 6-month period

8   immediately preceding the filing of the complaint.  Id.  Additionally, he may not rely on his prior

9   application because in forma pauperis status is made on a case-by-case basis.  Accordingly,

10  plaintiff will be provided the opportunity either to submit the appropriate affidavit in support of a

11  request to proceed in forma pauperis or to submit the required fees totaling $400.00.

12  **SCREENING**

13  **I.      Legal Standards**

14  The court is required to screen complaints brought by prisoners seeking relief against a

15  governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

16  1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

17  that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

18  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

19  U.S.C. § 1915A(b)(1) & (2).

20  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

21  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

22  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

23  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

24  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

25  pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.

26  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

27  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

28  ////

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

////

## II.     Federal Rules of Civil Procedure – Rule 8(a)

To determine whether a complaint states a claim, the court looks to the pleading standards under Federal Rule of Civil Procedure 8(a). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies here. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redevelopment Agency of City of Los Angeles, 733 F.2d 646, 649 (9th Cir. 1984).

Plaintiff's complaint is approximately 780 pages long, including fifty pages factual allegations and numerous exhibits. The complaint is neither short nor plain, and therefore does not comply with Rule 8. Hatch v. Reliance Ins. Co., 758 F.2d 409 (9th Cir. 1985), cert. denied, 474 U.S. 1021 (1985) (confusing and conclusory complaint exceeding 70 pages with attachments, was subject to dismissal for want of a short and plain statement of the claim); Hollis v. York, No. 1:09-cv-0463 OWW SMS, 2011 WL 3740811 at *1 (E.D. Cal. Aug. 24, 2011) (A 34-page complaint with 34 pages of exhibits "that lists multiple unrelated incidents and contains legal argument" violates Rule 8); Simmons v. Akanno, No. 1:09-cv-0659 GBC PC, 2010 WL 5186690 at *3 (E.D. Cal. Dec. 7, 2010) (A 33-page complaint with 53 pages of exhibits violates Rule 8); Knapp v. Cate, No. 1:08-cv-1779 SKO PC, 2010 WL 3521871 at *2 (E.D. Cal. Sept. 7, 2010) (A 26-page complaint with 60 pages of exhibits violates Rule 8).

Plaintiff will be granted leave to file an amended complaint that complies with Rule 8(a). Twenty-five pages is more than sufficient for plaintiff to identify his claims and set forth specific facts in support of those claims. Accordingly, the amended complaint may not exceed twenty-five pages in length, and it will be stricken from the record if it violates this page limitation.

## III.    Amending the Complaint

As stated above, the complaint must be dismissed because plaintiff has failed to show the court has jurisdiction over this action and the complaint fails to comply with Rule 8(a). The court will provide plaintiff with the opportunity to cure the deficiencies identified above.

////

The amended complaint should be brief, but must state what each named defendant did that led to the deprivation of plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.

With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). The court suggests to plaintiff that they should not be submitted where (1) they serve only to confuse the record and burden the court, or (2) they are intended as future evidence. If this action reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), plaintiff will have the opportunity at that time to submit his evidence.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## MOTION FOR DISQUALIFICATION

Plaintiff has filed a motion requesting that Judge Mendez be disqualified. (ECF No. 6.) In support of his motion, plaintiff states that Judge Mendez was assigned to a previous civil action brought by plaintiff. Plaintiff states, "as a pro se litigant [he] does not know if this Judge could have any personal interests, internal motives or other objectives in the outcome of this action due to his previous assignment and involvement in a similar earlier presented controversy."

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144; see also Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008), abrogated on other grounds in Simmons v. Himmelreich, 136 S. Ct. 1843 (2016). Section 144 expressly conditions relief upon

////

5

1 the filing of a timely and legally sufficient affidavit. United States v. Axhocar, 581 F.2d 735, 738
2 (9th Cir. 1978).

3     A judge must disqualify himself if "his impartiality might be reasonably questioned," 28
4 U.S.C. § 455(a), or if "he has a personal bias or prejudice concerning a party, or personal
5 knowledge of disputed evidentiary facts concerning a party, or personal knowledge of disputed
6 evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1).  However, the bias must
7 arise "from an extrajudicial source" and cannot be based solely on information gained in the
8 course of the proceedings.  Pesnell, 543 F.3d at 1043-44 (citing Liteky v. United States, 510 U.S.

9     "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality
10 motion."  Id. at 1044 (quoting Liteky, 510 U.S. at 555).  "In and of themselves . . . they cannot
11 possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances
12 evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is
13 involved."  Liteky, 510 U.S. at 555.  Judicial bias or prejudice formed during current or prior
14 proceedings is sufficient for recusal only when the judge's actions "display a deep-seated
15 favoritism or antagonism that would make fair judgment impossible."  Id.; Pesnell, 543 F.3d at
16 1044.  "'[E]xpressions of impatience, dissatisfaction, annoyance, and even anger' are not grounds
17 for establishing bias or impartiality, nor are a judge's efforts at courtroom administration."
18 Pesnell, 543 F.3d at 1044 (quoting Liteky, 510 U.S. at 555-56).

19     The objective test for determining whether recusal is required is whether a reasonable
20 person with knowledge of all the facts would conclude that the judge's impartiality might
21 reasonably be questioned.  United States v. Johnson, 610 F.3d 1138, 1147 (quotation marks and
22 citation omitted).  "Adverse findings do not equate bias."  Id. at 1148.

23     Plaintiff has not provided any arguments that tend to show bias.  Prior judicial rulings
24 alone are not sufficient to show bias.  Accordingly, the court will deny plaintiff's motion for
25 disqualification.
26 ////
27 ////
28 ////

6

# MOTION FOR PRELIMINARY INJUNCTION

## I. Legal Standards

A party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008).  The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature.  Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor.  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

The principle purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits.  See 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (3d ed. 2014).  Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial.  Preliminary injunctive relief is not appropriate until the court finds that the plaintiff's complaint presents cognizable claims.  See Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claims . . . .").

In cases brought by prisoners involving conditions of confinement, any preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).  Further, an injunction against individuals not parties to an action is

strongly disfavored.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party . . . .").[2]

Further, preliminary injunctive relief is not appropriate until the court finds that the plaintiff's complaint presents cognizable claims.  See Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; [however] it may not attempt to determine the rights of persons not before the court.").

## II.     Analysis

Plaintiff requests that the court issue an injunction directed toward prison officials at California State Prison, Los Angeles County (CSP-LAC) directing them to refrain from losing or damaging plaintiff's legal property.  (ECF No. 6.)  Plaintiff has not named any prison officials at CSP-LAC as defendants in this action.  Thus, plaintiff seeks injunctive relief against individuals who are not named as defendants in this action.  This court is unable to issue an order against individuals who are not parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).  Accordingly, the court will recommend that plaintiff's motion for injunctive relief be denied.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court, or the required fees in the amount of $400.00.

---

[2] However, the fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting.  The All Writs Act, 28 U.S.C. § 16519(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law."  The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction.  Plum Creek Lumber Co. v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).  The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the underlying litigation.  United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

2. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner.

3. Plaintiff's motion for disqualification (ECF No. 6) is denied.

4. Plaintiff's complaint is dismissed with leave to amend.

5. Plaintiff is granted sixty days from the date of service of this order to file an amended complaint that complies with this order, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."

6. Failure to Comply with this order will result in a recommendation that this action be dismissed.

IT IS HEREBY RECOMMENDED that plaintiff's motion for injunction (ECF No. 6) be denied.

These findings and recommendations will be submitted to the United States District Judge Assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in a waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 2, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Prisoner/Civil.Rights/lal0349.scrn.pi.fee