UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZHAR LAL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　　Defendants. | No. 2:20-cv-0349 JAM DB P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner proceeding pro se with a civil rights action. Presently before the court is plaintiff's motion to appoint counsel. (ECF No. 19.)

　　　　In support of his motion to appoint counsel, plaintiff states that he cannot afford counsel, he is a "layman at the law who did not even complete the 7th Grade," he has sought help from lawyers, he is diabetic, and he suffers from mental health issues. (ECF No. 19 at 1-2.) Plaintiff also argues that the issues in his case are complex because they involve matters of international law. (Id. at 8.)

　　　　The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

////

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court does not find the required exceptional circumstances. Plaintiff devotes much of his motion to his argument that he qualifies as an individual with a disability under the Americans with Disabilities Act (ADA) because he is an insulin dependent diabetic. However, plaintiff's disability status does not automatically require the appointment of counsel. See Tunstall v. Bodenhamer, No. 2:16-cv-2665 JAM DB P, 2017 WL 5861377 at *1 (E.D. Cal. Nov. 29, 2017) (denying plaintiff's request for counsel as a reasonable accommodation under the ADA).

The court dismissed plaintiff's original complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure and plaintiff has yet to file an amended complaint. Thus, the court cannot ascertain the nature of plaintiff's claim, much less evaluate his likelihood of success. Plaintiff further argues that counsel should be appointed because this case turns on complex issues of international law involving extradition[1] treaties. (ECF No. 19 at 8.) However, without an operative complaint, the court cannot determine whether the nature of his claim is so complicated that counsel should be appointed. Based on the motions plaintiff has already filed it appears that plaintiff is capable of articulating requests, citing relevant legal authority, and responding to court orders. (See ECF Nos. 10, 12, 13, 15, 17.) Accordingly, the court will deny plaintiff's motion for the appointment of counsel without prejudice to its renewal at a later stage of the proceedings.

---

[1] To the extent that plaintiff's claim in this action turns on issues of international law involving extradition treaties, he is advised that such a claim is not likely to state a cognizable § 1983 claim. Ahmad v. Wigen, 910 F.2d 1063, 1065 (2d Cir. 1990) (The sole remedy from an extradition order is a writ of habeas corpus); Barapind v. Enomoto, 400 F.3d 744, 748 (9th Cir. 2005).

1   Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of
2   counsel (ECF No. 19) is denied without prejudice.
3   Dated: September 21, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/lal0349.31