1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   AZHAR LAL,                                    No.  2:20-cv-0349 JAM DB P

12              Plaintiff,

13        v.                                       ORDER AND FINDINGS AND
                                                   RECOMMENDATIONS
14   UNITED STATES OF AMERICA, et al.,

15              Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42

18   U.S.C. § 1983.  Plaintiff claims that his rights were violated in connection with extradition

19   proceedings initiated by the United States.  Presently before the court is, plaintiff's October 5,

20   2020 filing (ECF No. 22) and his motion for reconsideration (ECF No. 23).

21        **I.       Notice – Motion for Preliminary Injunction**

22             **A. Plaintiff's Allegations**

23        Plaintiff's filing has been captioned as a "Notice." However, the court construes this filing

24   as a motion for injunctive relief because plaintiff requests that the court order his release from

25   custody.  He argues he should be released from custody because California State Prison, Los

26   Angeles County (CSP-LAC) is not adequately protecting him from contracting COVID-19.

27   Plaintiff cites statistics from various California Department of Corrections and Rehabilitation

28   ("CDCR") institutions and his underlying health conditions.

1

**B. Legal Standards**

A party requesting injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008).  The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature.  Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor.  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

The principle purpose for preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits.  See 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (3d ed. 2014).  Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial.  Preliminary injunctive relief is not appropriate until the court finds that the plaintiff's complaint presents cognizable claims.  See Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claims . . . .").

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."  18 U.S.C. § 3626(a)(2).  Further, an injunction against individuals not parties to an action is strongly disfavored.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110

(1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party . . . .").[1]  The Supreme Court has cautioned the federal courts not to interfere with day-to-day operations of the prisons, especially those decisions related to security, a task which is best left to prison officials who have particular experience in dealing with prisons and prisoners.  See Turner v. Safley, 482 U.S. 78 (1987).

Plaintiff's underlying claim in this action is that his extradition from the United Kingdom violated his rights.  His motion for injunctive relief is related to his allegations that current prison conditions violate his Eighth Amendment rights.  The motion for injunctive relief should be denied because the court cannot provide relief that is unrelated to plaintiff's underlying claim. See Pacific Radiation Oncology, LLC, v. Queen's Medical Center, 810 F.3d 631, 636 (9th Cir. 2015) (holding there must be a "sufficient nexus between the request in a motion for injunctive relief and the underlying claim itself.").

## C.  Analysis

Plaintiff's underlying claim in this action appears to be that his rights were violated when he was extradited from the United Kingdom.  Plaintiff's original complaint was dismissed for failure to comply with Federal Rule of Civil Procedure 8(a) and he has yet to file an amended complaint.  (ECF No. 7.)  Thus, the court is not yet able to make any determination regarding the merits of this case because the defendants have not yet filed a responsive pleading.  See Barrett v. Belleque, 544 F.3d 1060, 1062 (9th Cir. 2008) (At the pleading stage, the court is not in a position to determine questions of the claim's merit which require submission of evidence, versus only a determination as to whether a claim has been plausibly stated).  Moreover, release from custody is not a proper remedy for an Eighth Amendment violation.  See Preiser v. Rodriguez,

---

[1] However, the fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting.  The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law."  The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction.  Plum Creek Lumber Co. v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).  The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the litigation.  United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

1   411 U.S. 574, 489 (1973) ("Release from custody is not an available remedy under the Civil

2   Rights Act").  If plaintiff feels that his rights under the Eighth Amendment are being violated, he

3   may file a civil rights claim in the appropriate judicial district after exhausting administrative

4   remedies.  However, injunctive relief in this unrelated action is not appropriate.

5        **II.        Motion for Reconsideration**

6        Plaintiff has filed a motion for "reconsideration and/or correction."  (ECF No. 23.)

7   However, he does not specify which order he challenges.  In his motion he argues the court

8   improperly charged him a filing fee and forced jurisdiction pursuant to 42 U.S.C. § 1983 upon

9   him.

10       Plaintiff appears to believe that the court charged him a filing fee.  However, court records

11  indicate that plaintiff's motion to proceed in forma pauperis remains pending.  By order dated

12  May 4, 2020, plaintiff was directed to either pay the filing fee or submit a properly completed

13  application to proceed in forma pauperis.  (ECF No. 7 at 1-2.)  28 U.S.C. § 1915 provides that

14  inmates may commence a civil action without paying the filing fee in full, but are obligated to

15  make monthly payments in the amount of twenty percent of the preceding month's income

16  credited to the inmate's trust account each time the amount in the account exceeds $10.00.

17  Plaintiff has not yet been granted leave to proceed in forma pauperis nor ordered to pay the filing

18  fee.  Accordingly, to the extent his motion sought to challenge a ruling granting his motion to

19  proceed in forma pauperis, it will be denied as premature.

20       Plaintiff also argues that the court improperly forced him into jurisdiction pursuant to 42

21  U.S.C. § 1983.  The court notes that plaintiff's original complaint was construed as a civil rights

22  claim pursuant to § 1983 because plaintiff sought damages from various government employees

23  for false arrest and prosecution in violation of various constitutional amendments.  (See ECF No.

24  1 at 1.)  Section 1983 provides:

25           Every person who, under color of [state law] . . . subjects, or causes
             to be subjected, any citizen of the United States . . . to the deprivation
26           of any rights, privileges, or immunities secured by the Constitution .
             . . shall be liable to the party injured in an action at law, suit in equity,
27           or other proper proceeding for redress.

28  ////

4

42 U.S.C. § 1983.  There is nothing contained in the court's screening order indicating that plaintiff cannot bring his original claim.  Rather, the court's screening order explains that the complaint was dismissed for failure to comply with Federal Rule of Civil Procedure 8(a)'s requirement that the claim be set forth plainly and succinctly.  (ECF No. 7 at 4.)  The original complaint spanned more than 750 pages including fifty pages of factual allegations and numerous exhibits.  He was directed to file an amended complaint not exceeding twenty-five pages.  Accordingly, to the extent plaintiff challenges the court's dismissal of the original complaint, such motion will be denied.

### III.   Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration (ECF No. 23) is denied.

IT IS HEREBY RECOMMENDED that plaintiff's motion for injunction (ECF No. 22) be denied.

These findings and recommendations will be submitted to the United States District Judge Assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in a waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 19, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE