UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZHAR LAL,<br><br>          Plaintiff,<br><br>     v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>          Defendants. | No. 2:20-cv-0349 JAM DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that his rights were violated in connection with extradition proceedings initiated by the United States. Presently before the court is plaintiff's motion for stay and request for an extension of time. (ECF Nos. 25, 27.) For the reasons set forth below, the court will grant the motion for an extension of time be granted in part and recommend that the motion for stay be denied.

**I.      Plaintiff's Motion**

Plaintiff seeks a stay of this action because he alleges is going to be transferred and will be quarantined at his next institution. He also alleges it will take time for him to receive his property, including his legal materials, and the COVID-19 pandemic has made it difficult to conduct legal research.

////

Plaintiff indicated in his motion that he plans to amend his complaint after he is transferred and seeks a stay until such time as he notifies the court of his change of address.

## II.     Legal Standards

The United States Supreme Court has clearly indicated that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interest and maintain an even balance." Landis v. North American Co., 299 U.S. 248, 254-55 (1936). In this regard, "the proponent of the stay bears the burden of establishing its need." Clinton v. Jones, U.S. 681, 706 (1997). When considering a stay order, the Court should "balance the length of any stay against the strength of the justification given for it." Young v. I.N.S., 208 F.3d 1116, 1119 (9th Cir. 2000).

## III.    Analysis

Plaintiff has not specified the length of stay he is seeking in his motion. Rather, he seeks to have this action stayed until such time as he arrives at his new facility and files a notice of change of address. Plaintiff's most recent filing indicated that as of November 19, 2020 he was incarcerated at California State Prison, Los Angeles County ("CSP-LAC"). (ECF No. 27 at 3.) However, the California Department of Corrections and Rehabilitation's inmate locator system located at http://inmatelocator.cdcr.ca.gov reflects that plaintiff is presently housed at California State Prison, Sacramento ("CSP-SAC").[1]

Because it appears that plaintiff has already been transferred, the court finds that plaintiff has not shown that imposition of an indefinite stay is appropriate. However, the court will partially grant plaintiff's motion for an extension of time. The court notes that plaintiff was directed to file an amended complaint on May 4, 2020. (ECF No. 7.) He was granted sixty days

---

[1] The court may take judicial notice of information stored on the CDCR inmate locator website. See In re Yahoo Mail Litig., 7 F. Supp. 3d 1016, 1024 (N.D. Cal. 2014) (a court may take judicial notice of information on "publicly accessible websites" not subject to reasonable dispute); Louis v. McCormick & Schmick Restaurant Corp., 460 F. Supp. 2d 1153, 1155 fn.4 (C.D. Cal. 2006) (court may take judicial notice of state agency records).

leave to amend. Thereafter, plaintiff sought and obtained an additional sixty-day extension of time to file an amended complaint. (ECF Nos. 15, 16.) His most recent motion for an extension of time seeks an additional ninety days to file an amended complaint. (ECF No. 25.) Therein he states he needs additional time to file an amended complaint because the COVID-19 pandemic has made it difficult to complete the necessary legal research.

Good cause appearing, the court will grant plaintiff's motion for an extension of time in part. If plaintiff requires additional time to amend, he may file a motion for an extension of time stating the amount of time sought and the reason an extension is necessary.

### IV. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that plaintiff's motion for an extension of time (ECF No. 25) is granted in part. Plaintiff shall have sixty days from the date of this order to file an amended complaint.

IT IS HEREBY RECOMMENDED that plaintiff's motion for stay (ECF No. 27) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 30, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12

DB:1/Prisoner/Civil.Rights/lal0349.stay