UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZHAR LAL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　Defendants. | No.  2:20-cv-0349 JAM DB P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff claims that his rights were violated in connection with extradition proceedings initiated by the United States.  Presently before the court is plaintiff's motion to expand the complaint page limit, for the appointment of counsel, and for writ of mandate/prohibition.  (ECF No. 29.)  Also before the court is plaintiff's motion for an extension of time to file an amended complaint.  (ECF No. 30.)

## MOTION TO EXPAND THE PAGE LIMIT

Plaintiff moves for the court to expand its previously imposed page limit to fifty pages. (ECF No. 29 at 3.)  Plaintiff's original complaint was approximately 780 pages long.  (ECF No. 1.)  On screening, the court dismissed plaintiff's initial complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.  (ECF No. 7 at 4.)  In order to ensure that an amended complaint filed by the plaintiff complied with Rule 8, the court imposed a page limit of twenty-

1    five pages.  (Id.)  In his motion, plaintiff states that it will be difficult for him to establish his

2    claims within twenty-five pages.  (ECF No. 29 at 3.)  Plaintiff requests that the court increase the

3    page limit for the amended complaint to fifty pages.  (Id.)

4        As the court stated in its May 4, 2020 screening order (ECF No. 7 at 4), a complaint must

5    give fair notice and state the elements of the claim plainly and succinctly in order to comply with

6    Rule 8.  Jones v. Community Redevelopment Agency of City of Los Angeles, 733 F.2d 646, 649

7    (9th Cir. 1984).  To this end, a complaint must only contain a short and plain statement of the

8    claims.  Hatch v. Reliance Ins. Co., 758 F.2d 409 (9th Cir. 1985), cert. denied, 474 U.S. 1021

9    (1985) (confusing and conclusory complaint exceeding 70 pages with attachments, was subject to

10   dismissal for want of a short and plain statement of the claim); Hollis v. York, No. 1:09-cv-0463

11   OWW SMS, 2011 WL 3740811 at *1 (E.D. Cal. Aug. 24, 2011) (A 34-page complaint with 34

12   pages of exhibits "that lists multiple unrelated incidents and contains legal argument" violates

13   Rule 8); Simmons v. Akanno, No. 1:09-cv-0659 GBC PC, 2010 WL 5186690 at *3 (E.D. Cal.

14   Dec. 7, 2010) (A 33-page complaint with 53 pages of exhibits violates Rule 8); Knapp v. Cate,

15   No. 1:08-cv-1779 SKO PC, 2010 WL 3521871 at *2 (E.D. Cal. Sept. 7, 2010) (A 26-page

16   complaint with 60 pages of exhibits violates Rule 8).

17       Plaintiff's amended complaint must state the elements of his claims plainly and succinctly.

18   The previous page limit placed on plaintiff's amended complaint is still necessary to ensure it will

19   comply with Rule 8.  Plaintiff should be able to identify his claims and allege facts in support of

20   those claims within twenty-five pages.  As such, plaintiff's motion to expand the page limit for

21   the amended complaint will be denied.

22       Plaintiff is reminded that while exhibits are permissible if incorporated by reference, Fed.

23   R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P.

24   8(a).  Additionally, a proper complaint does not need to contain legal arguments or citations.  See

25   Fed. R. Civ. P. 8(a)(2).

26   ////

27   ////

28   ////

## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff renews his motion for the appointment of counsel. (ECF No. 29 at 2.) Plaintiff states he is requesting the assistance of an attorney to help him with the "complicated and complex" task of exhausting local remedies. (Id.)

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

The court denied plaintiff's original motion for the appointment of counsel as there was no operative complaint. (ECF No. 21 at 2.) Due to the lack of operative complaint, the court could not evaluate whether plaintiff was likely to succeed on his claims or whether the legal issue was so complex it required counsel. (Id.) Plaintiff has not filed an amended complaint at the time of his renewed motion for appointment of counsel. Thus, the court is still unable to assess plaintiff's likelihood of success of whether the claims are sufficiently complicated to necessitate counsel. As such, plaintiff's motion for the appointment of counsel will be denied without prejudice to its renewal at a later stage of the proceedings.

## MOTION FOR WRIT OF MANDATE/PROHIBITION

Plaintiff requests the court issue a "writ of mandate/prohibition" and hold a hearing regarding whether plaintiff was prosecuted for a different offense from the offense for which he

////

1  was extradited.  (ECF No. 29 at 3.)  Plaintiff makes this motion in large part based on 18 U.S.C. §
2  3192. (Id.)

3  Under 18 U.S.C. § 3192, the President has the power to take measures to provide
4  safekeeping and protection for individuals extradited to the United States.  Though plaintiff does
5  not cite United States v. Rauscher, 119 U.S. 407 (1886) in his request, he includes quotes and
6  exhibits which cite that case.  (ECF No. 29 at 3.)  Much of plaintiff's request also appears to be
7  largely reliant on Rauscher.  (Id.)   In Rauscher, the Supreme Court "established the doctrine of
8  specialty which provides that an extradited defendant may not be prosecuted 'for any offense
9  other than that for which the surrendering country agreed to extradite.'"  Benitez v. Garcia, 495
10 F.3d 640, 643 (9th Cir. 2007) (quoting United States v. Andonian, 29 F.3d 1432, 1434-35 (9th
11 Cir. 1994)) (citations omitted).  Rauscher establishes that the remedy for a violation of the
12 doctrine of specialty is the issuance of a writ of error or a writ of habeas corpus from federal court
13 and a subsequent hearing.  Rauscher, 119 U.S. at 431.

14 At this time, there is not an operative complaint in this case.  Plaintiff's requests for writ
15 of mandate/prohibition and a hearing may be appropriate at a later stage of the proceedings.
16 However, what plaintiff appears to be requesting is a remedy laid out in Rauscher.  Rauscher, 119
17 U.S. at 431 (stating that the issuance of a writ and holding of a hearing regarding whether a state
18 court violated the doctrine of specialty is a remedy).  Without a complaint, it is impossible for the
19 court to determine if these remedies would be appropriate.  Plaintiff must submit a complaint
20 which complies with Rule 8 and alleges sufficient facts to state a claim before the court is even
21 able to consider ordering a hearing or granting remedies.  Accordingly, plaintiff's motion for writ
22 of mandate/prohibition will be denied.

23 **MOTION FOR EXTENSION OF TIME**

24 Plaintiff has requested a third extension of time to file an amended complaint pursuant to
25 the court's May 4, 2020 order.  (ECF No. 30 at 1.)  Plaintiff requests this extension because he
26 has been unable to access legal resources due to his recent transfer and because he has found
27 reducing the length of his initial petition to be challenging.  (Id. at 2.)  Plaintiff requests the court
28 grant an extension of 90-180 days for plaintiff to file his amended complaint.  (Id. at 1)

On May 4, 2020, the court dismissed plaintiff's initial complaint and gave plaintiff sixty days to file an amended complaint. (ECF No. 7.) The court granted a ninety-day extension of time for plaintiff to file an amended complaint on July 14, 2020. (ECF No. 16.) The court granted plaintiff a further sixty-day extension of time on January 4, 2021. (ECF No. 28.)

Good cause appearing, plaintiff's motion for a ninety-day extension to file an amended complaint will be granted. However, plaintiff is warned that no further extension of time will be granted.

**CONCLUSION**

Good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to expand the page limit for the amended complaint (ECF No. 29) is denied;
2. Plaintiff's motion for the appointment of counsel (ECF No. 29) is denied without prejudice;
3. Plaintiff's motion for writ of mandate/prohibition (ECF No. 29) is denied;
4. Plaintiff's motion for an extension of time (ECF No. 30) is granted; and
5. Plaintiff is granted ninety days from the date of this order in which to file an amended complaint. No further extension of time will be granted for this purpose. Failure to file an amended complaint will result in a recommendation that this action be dismissed.

Dated: April 1, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB1/Prisoner/Civil Rights/lal0349.36sec

5