UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZHAR LAL, | No. 2:20-cv-0349 JAM DB P |
| Plaintiff, | |
| v. | ORDER |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that his rights were violated in connection with extradition proceedings initiated by the United States. Presently before the court is his motion for reconsideration. (ECF No. 24.)

**MOTION FOR RECONSIDERATION**

Plaintiff has filed a motion for "reconsideration including prohibition/mandate." (ECF No. 24.) Plaintiff indicates that he is challenging the court's September 8, 2020 order. (Id. at 1.) However, in his motion, plaintiff primarily argues that the Magistrate Judge erred in dismissing his complaint by forcing jurisdiction under 42 U.S.C. § 1983 and failing to state how each claim was deficient. (Id. at 2-5.) The September 8, 2020 order addressed neither of these issues. (ECF No. 18.) Rather, this order adopted the Magistrate Judge's May 5, 2020 findings and recommendations on plaintiff's request for a preliminary injunction and denied plaintiff's motion

1

for an injunction.  (Id. at 2.)  Plaintiff makes no arguments related to the contents of this order in his motion for reconsideration.  (See ECF No. 24.)

I.     **Reconsideration of Magistrate Judge's May 5, 2020 Screening Order**

Plaintiff's motion (ECF No. 24 at 2-5) appears to be requesting that the court reconsider the Magistrate Judge's screening order issued in conjunction with the May 5, 2020 findings and recommendations (ECF No. 7).  This order determined plaintiff's action was brought under 42 U.S.C. § 1983.  Accordingly, the Magistrate Judge screened the claims as required by 28 U.S.C. § 1915A(a).  (Id. at 1-2.)  The court found plaintiff's complaint did not comply with Rule 8(a) of the Federal Rules of Civil Procedure.  (Id. at 4.)

A party may seek a District Judge's review of a Magistrate Judge's ruling under Local Rule 303(c) by filing a "Request for Reconsideration by the District Court of Magistrate Judge's Ruling."  Such a request must "specifically designate the ruling, or part thereof, objected to and the basis for that objection."  L.R. 303(c).  However, under Local Rule 303(b), a Magistrate Judge's ruling becomes final when reconsideration is not sought within fourteen days of service on the parties.  L.R. 303(b).  Thus, the District Court must deny a motion for reconsideration filed after fourteen days of service as untimely.  See, e.g., Reed v. Leatherman, No. 2:18-cv-0038-KJM-CKD, 2021 WL 1374665, *1 (E.D. Cal. April 12, 2021); Smith v. Torres, No. 1:16-cv-01924-LJO-LDP, 2019 WL 1556656, *1 (E.D. Cal. April 10, 2019); Wafer v. Suesberry, No. 1:07-cv-00865-AWI-BAM, 2015 WL 644161, *2 (E.D. Cal. Feb. 12, 2015).

The order plaintiff challenges was issued May 4, 2020.  (ECF No. 7.)  Neither the Magistrate Judge nor the undersigned prescribed a different time for the parties to seek reconsideration of that order.  Thus, under Local Rule 303(b) a motion for reconsideration needed to be filed within fourteen days of the date of service of the order.  Plaintiff received service of the court's ruling by May 19, 2020, as he requested an extension of time to file objections to the findings and recommendations included with the order on that date. (ECF No. 8.)  Plaintiff filed the present motion for reconsideration on October 9, 2020, well beyond the fourteen-day deadline.  (ECF No. 24.)  As such, the Magistrate Judge's May 4, 2020 ruling is final and plaintiff's motion for reconsideration of that order is denied as untimely.

Even if plaintiff's motion was filed within the fourteen-day deadline, the court would deny the motion. On a motion for reconsideration of a Magistrate Judge's ruling, the District Judge uses the "'clearly erroneous or contrary to law' standard set forth in 28 U.S.C. § 636(b)(1)(A)." L.R. 303(f). Having reviewed the order issued by the Magistrate Judge on May 4, 2020, the court finds it was not clearly erroneous or contrary to law.

Plaintiff contends that the Magistrate Judge did not explain how each claim was deficient and forced jurisdiction under 42 U.S.C. § 1983. (ECF No. 24 at 2-3.) However, the order explained that plaintiff's complaint was dismissed for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure, as the 780-page complaint was "neither short nor plain." (ECF No. 7 at 4.) The Magistrate Judge directed plaintiff to amend his complaint, setting a page limit to ensure compliance with Rule 8. (Id.) This order is neither erroneous nor contrary to law. Rule 8 sets out the pleading standard for civil actions in federal court, requiring "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's lengthy complaint does not satisfy this requirement. See Hatch v. Reliance Ins. Co., 758 F.2d 409, 415 (9th Cir. 1985), cert. denied, 474 U.S. 1021 (1985).

The Magistrate Judge also did not "erroneously force[] jurisdiction upon Plaintiff's tort application pursuant to 42 U.S.C. 1983" as plaintiff claims. (ECF No. 24 at 2). The Magistrate Judge did construe plaintiff's complaint as one brought under § 1983 (ECF No. 7 at 1), because plaintiff sought damages from various government employees for false arrest and prosecution in violation of the Constitution. (ECF No. 26 at 4). Ultimately, however, the Magistrate Judge dismissed the complaint for failure to comply with Rule 8(a). (ECF No. 7 at 4). The Magistrate Judge did not preclude plaintiff from bringing his original claims in an amended complaint or otherwise force § 1983 jurisdiction. (See ECF No. 7.)

Accordingly, the Magistrate Judge's May 4, 2020 order is not erroneous or clearly contrary to law and plaintiff's motion for reconsideration, even if it had been timely filed, would be denied.

**II.     Reconsideration of the Court's September 8, 2020 Order**

To the extent that plaintiff intended to request reconsideration of the court's September 8,

2020 order, plaintiff provides no argument in his motion as to why the court should reconsider this order. (See ECF No. 24.) As noted, this order adopted the May 5, 2020 findings and recommendations as to plaintiff's request for a preliminary injunction and denied plaintiff's motion for injunction. (ECF No. 18.) Plaintiff's motion addresses neither. (See ECF No. 24.) As such, plaintiff's motion for reconsideration (ECF No. 24) does not comply with Local Rule 230(j) which requires that the party making the motion show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." L.R. 230(j)(3). The moving party also must show "why the facts or circumstances were not shown at the time of the prior motion." L.R. 230(j)(4). Since plaintiff has not presented arguments related to the contents of the court's September 8, 2020 order, he has not complied with Local Rule 230(j). Thus, to the extent plaintiff's motion was intended to request reconsideration of the court's September 8, 2020 order, it is denied.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration (ECF No. 24) is denied.

Dated: July 20, 2021

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

/lal0349.recon