1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   AZHAR LAL,                              No.  2:20-cv-00349 JAM DB P

12                Plaintiff,

13        v.                                 ORDER AND FINDINGS AND
                                             RECOMMENDATIONS
14   UNITED STATES OF AMERICA, et al.,

15                Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se, has filed an action in this court.  Plaintiff

18   challenges the circumstances surrounding his extradition and prosecution.  Before the court is

19   plaintiff's amended complaint for screening (ECF No. 35), plaintiff's motion to proceed in forma

20   pauperis (ECF No. 12), and plaintiff's renewed motions to appoint counsel, for judicial notice, to

21   expand pages, and change of address (ECF No. 33).

22        For the reasons stated below, plaintiff's renewed motions will be denied (ECF No. 33).  It

23   will be recommended that this action be dismissed with prejudice.  Plaintiff's motion to proceed

24   in forma pauperis (ECF No. 12) will be denied as moot.

25                           **PLAINTIFF'S RENEWED MOTIONS**

26        On March 3, 2021, plaintiff filed "motion(s) for change of address; to expand tort to 50

27   pages; for appointment of counsel and/or writ of mandate/prohibition under judicial notice."

28   (ECF No. 29.)  The undersigned ruled on these motions on April 2, 2021, denying all but the

1    change of address motion.  (ECF No. 32.)  On April 7, 2021, plaintiff renewed his previous

2    motions.  (ECF No. 33.)  Except for the first three pages, these motions are identical to plaintiff's

3    original motions.  (Id.)  The additionally three pages state that plaintiff refiled these motions on

4    the grounds that "the district Judge maliciously abused his power, authority and discretion by

5    taking it upon himself to adopt, rule, and then dismiss plaintiff's [motion(s)] with or without the

6    Magistrate Judge's consent."  (Id. at 2.)  Specifically, plaintiff claims "footnote 1" in the District

7    Judge's March 19, 2021 order dismissed plaintiff's original motions.  (Id.)

8          Plaintiff is incorrect that the District Judge denied plaintiff's motions in the March 19,

9    2021 order.  The order does note the existence of those motions in a footnote but simply states

10   that "[these motions are] not responsive to the magistrate judge's findings and recommendations."

11   (ECF No. 31 at 1.)  This footnote simply indicates that these documents did not appear to be

12   intended by the plaintiff as objections to the magistrate judge's findings and recommendations.

13   There is nothing in this order indicating that plaintiff's March 3, 2021 motions had been denied

14   by the District Judge.  (See ECF No. 31.)  Plaintiff's motions were denied by the undersigned on

15   April 2, 2021.  (ECF No. 33.)

16         Plaintiff's renewed motions are duplicative of his previously denied motions.  (See ECF

17   No. 29; ECF No. 33.)  They do not appear to present any new facts or legal authority.  (See ECF

18   No. 33 at 3-8.)  Accordingly, these motions will be denied on the same grounds as the previous

19   motions.

20                        **FIRST AMENDED COMPLAINT – SCREENING**

21   **I.      Legal Standards**

22         The court is required to screen complaints brought by prisoners seeking relief against a

23   governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

24   1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

25   that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

26   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

27   U.S.C. § 1915A(b)(1) & (2).

28   ////

2

1 | A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

3 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6 pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of

7 the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim

8 showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what

9 the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S.

10 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

11 However, in order to survive dismissal for failure to state a claim a complaint must

12 contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

13 factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,

14 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

15 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

16 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

17 doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

18 The Civil Rights Act under which this action was filed provides as follows:

19 Every person who, under color of [state law] . . . subjects, or causes
to be subjected, any citizen of the United States . . . to the deprivation
20 of any rights, privileges, or immunities secured by the Constitution .
. . shall be liable to the party injured in an action at law, suit in equity,
21 or other proper proceeding for redress.

22

23 42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

24 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

25 Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

26 person 'subjects' another to the deprivation of a constitutional right, within the meaning of §

27 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

28 ////

3

1   an act which he is legally required to do that causes the deprivation of which complaint is made."

2   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

3          Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

4   their employees under a theory of respondeat superior and, therefore, when a named defendant

5   holds a supervisorial position, the causal link between him and the claimed constitutional

6   violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

7   Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

8   concerning the involvement of official personnel in civil rights violations are not sufficient.  See

9   Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10   **II.      Rule 8(a)**

11          **a.  Background**

12          On May 4, 2020, the court screen plaintiff's initial complaint pursuant to 28 U.S.C. §

13   1915A(a).  (ECF No. 7.)  The court found that plaintiff's complaint, which was nearly 780 pages

14   in length including fifty pages of factual allegations, did not comply with Rule 8(a) of the Federal

15   Rules of Civil Procedure.  (Id. at 4.)  The court dismissed plaintiff's complaint with leave to

16   amend.  (Id.)  In order to ensure compliance with the Federal Rules of Civil Procedure, the court

17   imposed a limit of twenty-five pages on the amended complaint.  (Id.)

18          In the over one-year period following this order, plaintiff requested and was granted

19   several extensions of time.  (See e.g., ECF Nos. 15, 16, 25, 28, 30, 32.)  Plaintiff also filed

20   multiple additional motions during this period.  (See e.g., ECF Nos. 19, 27, 29, 33.)  Plaintiff filed

21   the First Amended Complaint ("FAC") on July 1, 2021.  (ECF No. 35.)

22          **b.  Discussion**

23          The FAC is approximately 360 pages long including twenty-nine pages of factual

24   allegations which are typed in dense, single-spaced font.  (See ECF No. 35 at 1-30.)  As such, the

25   FAC does not comply with Local Rule 130(c), which requires that documents be double-spaced.

26   L.R. 130(c).  More importantly, the FAC exceeds the page limitation set by the court's May 4,

27   2020 screening order.  (See ECF No. 7 at 4.)  This page limitation was set to ensure that the

28   amended complaint complied with Rule 8(a) of the Federal Rule of Civil Procedure.  (Id.)

As written, the FAC is neither short nor plain and therefore does not comply with Rule 8. Hatch v. Reliance Ins. Co., 758 F.2d 409 (9th Cir. 1985), cert. denied, 474 U.S. 1021 (1985) (confusing and conclusory complaint exceeding 70 pages with attachments, was subject to dismissal for want of a short and plain statement of the claim); Hollis v. York, No. 1:09-cv-0463 OWW SMS, 2011 WL 3740811 at *1 (E.D. Cal. Aug. 24, 2011) (A 34-page complaint with 34 pages of exhibits "that lists multiple unrelated incidents and contains legal argument" violates Rule 8; Simmons v. Akanno, No. 1:09-cv-0659 GBC PC, 2010 WL 5186690 at *3 (E.D. Cal. Dec. 7, 2010) (A 33-page complaint with 53 pages of exhibits violates Rule 8; Knapp v. Cate, No. 1:08-cv-1779 SKO PC, 2010 WL 3521871 at *2 (E.D. Cal. Sept. 7, 2010) (A 26-page complaint with 60 pages of exhibits violates Rule 8). Accordingly, it will be recommended that this complaint be dismissed.

### III.    Cause of Action

In the FAC, plaintiff also states that this action is "brought pursuant to 28 U.S.C. § 1350 & 1350(a)." (ECF No. 35.) Plaintiff has previously asserted this in several of his other previous motions as well. (See e.g., ECF No. 29 at 2.) Additionally, in his objections to the court's May 4, 2020 screening order, plaintiff stated that "[p]laintiff did not file an action pursuant to 42 USC 1983 otherwise he would have used the Eastern District Form which is provided for prisoners." (ECF No. 17 at 3) (emphasis in original). However, 28 U.S.C. § 1350, also known as the Alien Tort Statute ("ATS"), does not create a cause of action. Sosa v. Alvarez-Machain, 542 U.S. 692, 713 (2004). "[T]he ATS is a jurisdictional statute creating no new causes of action." Id. at 724. As such, plaintiff cannot bring the present action pursuant to 28 U.S.C. § 1350.

Given that plaintiff asserts that he did not file this action pursuant to § 1983, plaintiff has failed to state a claim for which relief can be granted.

### IV.    Heck Bar

Though plaintiff states that this action is not brought under § 1983, it appears it should be a § 1983 claim. Even if plaintiff did intend to bring this as a § 1983 claim or amended his complaint to make it a § 1983 claim, this action would be barred under Heck v. Humphrey, 512 U.S. 477 (1994).

5

1 **A.  Legal Standard for <u>Heck</u> Bar**

2       In <u>Heck</u>, the Supreme Court held that "habeas corpus is the exclusive remedy for a state

3 prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier

4 release, even though such a claim may come within the literal terms of § 1983."  <u>Heck</u>, 512 U.S.

5 at 481.  A plaintiff cannot maintain a § 1983 action to recover damages for "harm caused by

6 actions whose unlawfulness would render [his] conviction or sentence invalid" when his sentence

7 and conviction have not previously been reversed, expunged, declared invalid, or called into

8 question upon issuance of a writ of habeas corpus by a federal court.  <u>Id.</u> at 486–87.  The

9 Supreme Court has extended this holding to civil-rights actions in which the plaintiff seeks

10 declaratory or injunctive relief as well as damages.  <u>Edwards v. Balisok</u>, 520 U.S. 641, 648

11 (1997).

12       In <u>Smith v. City of Hemet</u>, the Ninth Circuit reiterated: "[I]f a criminal conviction arising

13 out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for

14 which section 1983 damages are sought, the 1983 action must be dismissed."  394 F.3d 689, 695

15 (9th Cir. 2005) (quotation omitted).  "Consequently, 'the relevant question is whether success in a

16 subsequent § 1983 suit would necessarily imply or demonstrate the invalidity of the earlier

17 conviction or sentence.'"  <u>Beets v. County of Los Angeles</u>, 669 F.3d 1038, 1042 (9th Cir. 2012)

18 (quoting <u>Heck</u>, 512 U.S. at 487).

19 **B.  Analysis**

20       In his complaint, plaintiff states multiple claims whose alleged unlawfulness would have

21 consequences on his criminal sentence.  These include claims regarding the improper collection

22 of evidence used at trial (ECF No. 35 at 15-20), the efficacy of plaintiff's counsel at trial (<u>Id.</u> at

23 20-21), and the efficacy of his counsel on appeal (<u>Id.</u> at 21-22).  Further, plaintiff appears to

24 specifically contest whether he could be convicted of the charges against him given the offenses

25 in his extradition.  (<u>Id.</u> at 1.)

26       Plaintiff may not maintain a § 1983 action to recover damages for "harm caused by

27 actions whose unlawfulness would render [his] conviction or sentence invalid" when his sentence

28 and conviction have not previously been reversed, expunged, declared invalid, or called into

1    question upon issuance of a writ of habeas corpus by a federal court.  Heck v. Humphrey, 512

2    U.S. 477, 486-87 (1994).  Thus, in situations where the plaintiff's success on the § 1983 action

3    would necessarily imply the invalidity of his underlying conviction or sentence, he must first

4    demonstrate he has received a "favorable termination" of his criminal conviction through a

5    reversal or similar court action.  Id.  Plaintiff has not done so.  Accordingly, plaintiff's claims are

6    barred by Heck.  512 U.S. at 489 (until and unless favorable termination of the conviction or

7    sentence occurs, no cause of action under section 1983 exists).  As such, it will be recommended

8    that the complaint be dismissed as plaintiff has failed to state an appropriate cause of action and

9    even if plaintiff intended to state claims under § 1983 they would be barred.

10       **V.       No Leave to Amend**

11           If the court finds that a complaint should be dismissed for failure to state a claim, the court

12   has discretion to dismiss with or without leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1126-

13   30 (9th Cir. 2000) (en banc).  Leave to amend should be granted if it appears possible that the

14   defects in the complaint could be corrected, especially if a plaintiff is pro se.  Id. at 1130-31; see

15   also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given

16   leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely

17   clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v.

18   Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)).  However, if, after careful consideration, it is clear

19   that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend.

20   Cato, 70 F.3d at 1005-06.

21           Plaintiff has not stated an appropriate cause of action for this case.  Even if plaintiff

22   intended to bring the present action under § 1983, it would be more appropriately raised, if at all,

23   in a habeas proceeding given that it represents a challenge to his conviction.  However, plaintiff

24   previously filed a federal habeas petition challenging his conviction which was denied.  Lal v.

25   Roe, 2002 WL 31356505 (9th Cir. 2002).  Plaintiff also filed at least one other federal habeas

26   petition which was dismissed as second or successive to plaintiff's previously denied petition.

27   Lal v. Biter, 2:15-cv-01830-EFB (E.D. Cal.)  It appears that plaintiff has filed this action in order

28   to seek relief now that he has exhausted the avenue of federal habeas.  Given this, as well as the

fact that plaintiff seeks damages, it would not be appropriate to convert the present action to a habeas petition.

The undersigned finds that, as set forth above, plaintiff has failed to state a claim for which relief can be granted.  Additionally, plaintiff's potential §1983 claims are barred by Heck. The court finds it inappropriate to convert the complaint to a habeas petition.  See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997) (treating defective § 1983 claim as a habeas petition could prevent consideration of other habeas claims prisoner may have; best course is dismissal of the § 1983 claims without prejudice) (citing Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995)).  Accordingly, it will be recommended that this action be dismissed with prejudice.

## IN FORMA PAUPERIS

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  (ECF No. 7.)  However, as it will be recommended that this action be dismissed without leave to amend, plaintiff's motion will be denied as moot.  Should these findings and recommendations not be adopted, plaintiff will be permitted to file a renewed motion to proceed in forma pauperis.

## CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED as follows:

1.  Plaintiff's motions to appoint counsel, for judicial notice, to expand pages, and for change of address (ECF No. 33) are denied.

2.  Plaintiff's motion to proceed in forma pauperis (ECF No. 12) is denied as moot. Additionally, IT IS RECOMMENDED that this action be dismissed with prejudice for failure to state a claim under 42 U.S.C. § 1983.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

////

1    objections within the specified time may waive the right to appeal the District Court's order.

2    <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3    DATED: January 3, 2022

4

5                                                                                          _____

6                                                    DEBORAH BARNES
                                                     UNITED STATES MAGISTRATE JUDGE
7

8    DB:14
     DB/DB Prisoner Inbox/Civil Rights/S/lal0349.fr.dism
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28