UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZHAR LAL, | No. 2:20-cv-0349 JAM DB P |
| Plaintiff, | |
| v. | ORDER |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested an extension of time to file objections, the appointment of counsel, and copies of plaintiff's First Amended Complaint ("FAC"). (ECF No. 46.)

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not

establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court does not find the required exceptional circumstances. The court has previously denied multiple requests by the plaintiff to be appointed counsel. The court most recently rejected such a request in connection with the currently pending findings and recommendations. (ECF No. 40.) Plaintiff has not presented any different facts or arguments as to why his request should now be granted and the present status of this action has not changed. Accordingly, this request will be denied without prejudice on the same grounds it was previously denied.

Plaintiff has also requested a second extension of time to file objections to the magistrate's findings and recommendations filed January 3, 2022. (ECF No. 46 at 1.) Good cause appearing, this request will be granted. However, no further extension of time will be granted.

Finally, plaintiff asks that the court provide him with a copy of his FAC without plaintiff paying the required fee. (Id.) Plaintiff's request is based on plaintiff's assertion that he is indigent and unable to pay the fee to receive copies. (Id.) The FAC requested by the plaintiff is approximately 360 pages long and was written and submitted by plaintiff. (See ECF No. 35.) In forma pauperis status does not include the cost of copies. See Jones v. Kuppinger, 2018 WL 1116692, *1 (E.D. Cal. 2018); Medina v. Emard, 2008 WL 4472972, *1 no.1 (E.D. Cal. 2008). Accordingly, plaintiff's request for copies will be denied.

////
////
////
////
////
////
////
////
////

Accordingly, and good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 46) is denied;

2. Plaintiff's request for copies (ECF No. 46) is denied;

3. Plaintiff's motion for an extension of time (ECF No. 46) is granted; and

4. Plaintiff is granted sixty days from the date of this order in which to file objections to the findings and recommendations. No further extension of time will be granted for this purpose.

DATED: April 11, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/R/lal0349.31+36