UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZHAR LAL,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendant. | No. 2:20-cv-00349-DAD-DB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION<br><br>(Doc. No. 40) |

Plaintiff Azhar Lal, a state prisoner proceeding *pro se*, initiated this civil action on February 14, 2020. (Doc. No. 1). This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 3, 2022, the assigned magistrate judge screened plaintiff's first amended complaint ("FAC") and issued findings and recommendations recommending that this action be dismissed, without leave to amend, due to plaintiff's failure to state a cognizable claim upon which relief may be granted. (Doc. No. 40.) In particular, plaintiff's FAC states that this action is "brought pursuant to 28 U.S.C. § 1350 & 1350(a)," which is the federal Alien Tort Statute ("ATS"), but as the magistrate judge explained in the pending findings and recommendations, the "ATS is a jurisdictional statute creating no new causes of action." (Doc. No. 40 at 5) (citing *Sosa v. Alvarez-Machain*, 542 U.S. 692, 724 (2004)). Plaintiff is adamant that he has not brought this action pursuant to 42 U.S.C. § 1983. Nevertheless, the magistrate judge also concluded that even

1

1   if the court were to construe plaintiff's FAC as brought pursuant to 42 U.S.C. § 1983, plaintiff's
2   FAC alleges unlawfulness of his criminal sentence (i.e., the improper collection of evidence and
3   that he received ineffective assistance from his counsel at trial and on appeal), and those claims
4   are not cognizable in a civil rights action brought under § 1983. (Doc. No. 40 at 5–7.)  Finally,
5   the magistrate judge concluded that conversion of plaintiff's FAC to a federal habeas petition is
6   inappropriate because plaintiff previously filed successive petitions for federal habeas relief,
7   which were dismissed. (*Id.* at 7–8.)

8   Those pending findings and recommendations were served on plaintiff and contained
9   notice that any objections thereto were to be filed within twenty-one (21) days after service. (*Id.*
10  at 8–9.)  On May 31, 2022, plaintiff filed objections to the findings and recommendations.  (Doc.
11  No. 49.)[1]

12  In his objections, plaintiff does not meaningfully address the analysis in the findings and
13  recommendations.  Rather than addressing the finding that his FAC failed to state a cognizable
14  claim for relief, plaintiff cites several cases in which courts addressed whether they had subject
15  matter jurisdiction over an action based on the ATS.  (*Id.*)  But plaintiff's focus on subject matter
16  jurisdiction is misplaced because the findings and recommendations do not rely on a lack of
17  subject matter jurisdiction as a basis for dismissing this action.  For these reasons, plaintiff's
18  objections do not provide any basis upon which to reject the pending findings and
19  recommendations.

20  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a
21  *de novo* review of the case.  Having carefully reviewed the entire file, including plaintiff's
22  objections, the court concludes that the findings and recommendations are supported by the
23  record and by proper analysis.

24  Accordingly,
25  1.   The findings and recommendations issued on January 3, 2022 (Doc. No. 40) are
26       adopted in full;

---

28  [1] This case was reassigned to the undersigned district judge on August 25, 2022.  (Doc. No. 51.)

2. This action is dismissed due to plaintiff's failure to state a cognizable claim for relief; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **November 9, 2022**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE